STATE OF VERMONT
ENVIRONMENTAL COURT

Appeal of Pierre R. Pepin and     }
Betty Pepin                       }
                                  }     Docket No. 225-10-02 Vtec
                                  }
                                  }

Decision and Order

Appellants Pierre R. Pepin and Betty Pepin appealed from a decision of the Development Review Board (DRB) of the Town of Colchester denying them a variance to construct an enclosed room within the front setback, below a permitted second-story deck. Appellants appeared and represented themselves; the Town of Colchester is represented by Richard C. Whittlesey, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence and the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellants own a parcel of property at 2 Goodsell Point in the Commercial zoning district of the Town of Colchester, containing two houses. It is non-conforming with the current zoning regulations at least in that it has more than one principal structure on the lot, does not meet the minimum lot size, and in that Appellants' preexisting house is within the 45-foot front setback, measured from the edge of the road right-of-way.

In 1922 when the road was surveyed, the traveled track appears from Exhibit D to have been located so that it was not centered within the 2½ -rod right-of-way, but ran closer to the far side of the right-of-way away from Appellants' property. The current roadway is in the same location. If one were to assume that the traveled way is centered on the road right-of-way, it would appear that more front yard space is available on Appellants' property between the house and the road right-of-way than actually exists. In fact, the corner of the main house structure is located on the boundary of the right-of-way, as shown on Exhibit E.

Appellants' house is constructed with a 6' 3" tall retaining wall in front of and extending toward the road from part of the gable end of the house. Access on the side of the house is on the ground floor level, but the gable end (which we will refer to as the front) of the house has access by a door onto a deck or patio constructed on the higher ground level of the front yard, as supported by the retaining wall. That deck or patio has a spindle railing and is 8 feet wide by 12 feet long. Because of the location of the road right-of-way, that deck or patio is not only located entirely within the front setback area, but it is also located in part within the right-of-way of the road.

In 1995, Appellants obtained approval from the then-ZBA for construction of a deck outside the second-floor window on the gable end of their house, above the existing deck. The only condition of that zoning permit was that the deck " not encroach any further into the front yard

setbacks than the existing deck below." As constructed, the second-floor deck is 6 feet wide and 11 feet long; that is, one foot shorter than and two feet narrower than the deck below it.

In the present application, Appellants have applied under § 1802.1 of the Zoning Regulations to create an enclosed room the size of the downstairs deck or patio, with a new shed roof, and to leave the upstairs deck above it, but supported on the roof of the new enclosed room rather than by posts down to the ground. They propose to equip the new room with an air-conditioner/heater unit, and sliding glass doors/windows, so that it could be used in three seasons and not just as a screened-in porch. The proposed enclosed room, like both decks, would be located entirely within the front setback and would in part encroach into the Town's right-of-way for the road.

To obtain approval for a non-complying addition or alteration, an application must meet all five variance criteria under § 1802.1. This application fails to meet at least the second, third and fourth criteria, as shown on Appellants' own application. They can make a reasonable use of the property as a whole without the variance, as the property has two houses and a commercial building on it already, all of which are in use. They were aware that the existing deck was in the setback area when they purchased the property, as can be seen from their 1995 application for the upstairs deck. The variance will impair the potential use or development of the road right-of-way, absent some agreement by Appellants to take down any construction in the road right-of-way when requested by the Town. Because this application does not meet all five of the criteria under § 1802.1, it cannot be approved by the Court, which must apply the ordinance as written.

As we discussed at the trial, Appellants may well be able to obtain approval to simply screen in the space below the existing upper-story deck under § 1802.2, which allows structural alteration of a non-complying structure " provided that such action does not increase the degree of or create any new non-compliance," at least for the portion of that space that is not within the Town's right-of-way for the road. However, no such application is before the Court in this appeal, and the Court cannot rule on such a proposal in this proceeding. While such an application does not have to go before the DRB initially, the Zoning Administrator would have to determine whether any such proposal fell within and met the requirements of § 1802.2, and Appellants would have to appeal any adverse ruling to the DRB before any further appeal would be before the Court. Moreover, if Appellants wished to include in that enclosure any portion of the property within the road right-of-way, they would have to enter into some agreement with the Town (as a matter of the Town's property rights as the holder of the road right-of-way and not as a matter of zoning) regarding the use or future use of the road right-of-way.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' application under § 1802.1 to construct an enclosed, three-season room on the footprint of their existing deck or patio is DENIED, as it fails to meet all five requirements in § 1802.1. This denial is specifically without prejudice to any later application Appellants may wish to make for a smaller project or under § 1802.2.

Dated at Barre, Vermont, this 11th day of August, 2003.

_____
Merideth Wright
Environmental Judge